UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      Plaintiff,

  v.                                            Case No. 08-CR-212

YU TIAN LI,

      Defendant.

---

**ORDER ON GOVERNMENT'S MOTION FOR VIDEOTAPED DEPOSITIONS TO PRESERVE TESTIMONY FOR POSSIBLE USE AT TRIAL[1]**

---

On August 5, 2008, a grand jury sitting in the Eastern District of Wisconsin returned a five-count indictment, together with a forfeiture notice, against Yu Tian Li ("Li"). Counts 1, 2 and 3 charge Li with concealing, harboring, and shielding from detection certain aliens for the purpose of commercial advantage and private financial gain, all in violation of Title 8 U.S.C. §§ 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i). Count 4 charges Li with possession of a firearm on July 16, 2008, to wit, a Ruger .22 caliber handgun, bearing serial number 15-22220, Li having been previously convicted of a misdemeanor crime of domestic violence, all in violation of Title 18 U.S.C. §§ 922(g)(9) and 924(a)(2). Count 5 charges Li with the same offense as charged in count 4, but with respect to a different firearm, to wit, a Glock .40 caliber handgun, bearing serial number GSS234.

On August 6, 2008, Li was arraigned and entered a plea of not guilty to all charges. A pretrial conference is currently scheduled to be conducted before the Honorable William C. Griesbach on

---

[1] The defendant's motion to dismiss counts 4 and 5 of the indictment, which motion was filed on August 26, 2008, will be addressed in a Recommendation issued separately from this Order.

October 14, 2008, with a trial before Judge Griesbach currently scheduled to commence on October 27, 2008.

On August 18, 2008, the government filed a motion for an order authorizing that the testimony of Xiao Xi Zhang, Francisco Torres-Hernandez and Gen Fang Wang be taken by videotaped deposition and preserved for possible future use at trial. In seeking such an order the government relies on Fed. R. Crim. P. 15(a). That rule provides, in pertinent part, that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice."

According to the government, exceptional circumstances exist in the instant case because

> it [is] likely that the above identified witnesses will be unavailable to testify at trial. Specifically, as described in the . . . affidavit of ICE Special Agent Russell Dykema, it is likely that the witnesses will be removed from the country by immigration officials soon after their release from U.S. Marshal's custody.

(Gov't's Mot. at ¶ 4.)

Thus, in the government's view, the interests of justice would be served by allowing the testimony of Zhang, Torres-Hernandez and Wang to be taken by videotaped deposition to be preserved for possible use at trial.

> The defendant's right of confrontation would be guaranteed through his physical presence at the depositions and through cross examination by his trial counsel, Timothy P. Geary, who is in receipt of the discovery materials. The government would be able to preserve the testimony of witnesses it might otherwise be deprived of using, and the jury would benefit from a video record that would allow for an assessment of credibility.

(Gov't's Mot. at ¶ 5.)

The defendant opposes the motion. Li argues that, if in fact the witnesses are deported, it is the government itself that has rendered them unavailable for trial. As Li puts it,

> The Court must determine whether the voluntary actions of one government agency (ICE) create exceptional circumstances for another government agency (U.S. Attorney's Office) justifying the deprivation of the Defendant's right to confront witnesses at trial before a jury. The Defendant should not have to have his

> fundamental right to confront witnesses in open court as guaranteed by the Sixth Amendment adversely affected by the actions of the government. The United States does not have to deport the witnesses which are the subject matter of this motion and could request their detention until the time of trial.

(Def's Mem. at 1-2.) Moreover, the defendant argues that the interests of justice will not be served by allowing the government to depose the witnesses prior to trial. To the contrary, in Li's view the interests of justice are better served by detaining these material witnesses until the trial, which is scheduled to commence in less than two months, to wit, on October 27, 2008. The defendant notes that the witnesses all require interpreters, and that the defendant himself has some difficulty communicating.

> Due to both substantial communication problems caused by the Defendant's inability to communicate in English and the defendant's pretrial detention, the Defendant has not had the opportunity to review the discovery materials to date. Given these unique circumstances, the Defendant needs as much time as possible to be in a position to assist counsel prior to his opportunity to cross-examine the main witnesses against him.

(Def's Mem. at 2-3.) He also argues that he will not have had access to grand jury testimony prior to the depositions. (Def's Mem. at 3.)

In its reply memorandum, the government asserts that the defendant is now out on bond. Thus, "the need for a translator or interpreter would appear to be the only impediment to reviewing these materials (which are not voluminous) before September 11, 2008, the tentative date for the depositions." (Gov't's Reply Mem. at 2-3.) Moreover, the government asserts that it has "ordered and will produce the grand jury transcripts to Li's counsel as soon as possible (the defense will have at least as much time to review the transcripts as it ordinarily would pre-trial)." (Gov't's Reply Mem. at 3.)

The government asserts that two of the three aliens have final orders of deportation and may be removed from the country before the trial. The third alien is entitled to a hearing before an immigration judge, who may order him removed.

> Once an alien has been ordered removed, there is a presumption in favor of prompt removal. See 8 U.S.C. § 1231(a)(1)(A). Indeed, although the default "period of removal" under the statute is 90 days, it is often much shorter, depending on the ease with which travel arrangements can be made (for Mexican nationals, flights leave Chicago on a weekly basis).

(Gov't's Reply Mem. at 2.)

Finally, the government argues that the aliens have already had their material witness detention orders extended from thirty to sixty days, and there is no guarantee that this case will proceed to trial on October 27, 2008, as scheduled. "Further detention is not necessary to prevent a 'failure of justice' because the deposition procedure outlined by the government will fully protect the defendant's confrontation rights." (Gov't's Reply Mem. at 2.)

Both sides in this dispute present cogent arguments for their respective positions. To be sure, the continued detention of the witnesses is not necessary if the defendant's rights would not be materially affected by their physical absence from trial. And the government argues that this is precisely the situation here. In my opinion, the government too cavalierly dismisses the value of live testimony. There is nothing that matches the crucible of well-honed cross examination in bringing out the truth before a jury. And, there is a certain impact that is lost when such cross examination is presented via a cold, sometimes lifeless, videotape. This is especially so when the witnesses do not speak English and are in need of interpreters. Use of interpreters is cumbersome enough in trial; it can be even more cumbersome in a deposition.

There are cases in which "exceptional circumstances" and the "interests of justice" clearly call for the invocation of Rule 15. Those that readily come to mind include the imminent death of a witness, or the impending physical or mental incapacity of a witness. In other words, cases where circumstances beyond the parties' control will likely render the witness unavailable for trial. But that is not what we have here. To the contrary, in this case the "government" has control over the whereabouts of these witnesses; it's just that two arms of the government are vying for control over

4

them. One arm of the government (the Department of Homeland Security) wants to deport them as soon as possible. The other arm of the government (the Justice Department) wants to use them as witnesses in a criminal prosecution. But, it's the same government.

Having said that, I am nevertheless persuaded that there are exceptional circumstances present here that render invocation of Rule 15(a) proper. First of all, setting bond for each of these witnesses is not a viable option. There are already deportation orders in place for at least two of them. Were the court to conditionally release them, they would no doubt be scooped up by ICE and given a one-way trip to their countries of origin. And were that to occur, the interests of justice surely would not be well served. This is because their absence might very well render the government unable to prove the charges against the defendant (or at least the harboring charges set forth in counts 1, 2 and 3). *See United States v. Allie*, 978 F.2d 1401, 1405 (5th Cir. 1992)("The district court's finding of exceptional circumstances was supported by additional factors such as the aliens' illegal presence in the United States, their lack of ties [to the district], and the government's inability to make its case [against the defendant] without their testimony.")

Furthermore, continued detention of these three individuals as material witnesses is an imposition (perhaps even a hardship) on them. Indeed, this Court is not alone in considering the humanitarian costs of prolonging the detention of these material witnesses as an "exceptional circumstance." *See Torres-Ruiz v. United States Dist. Court*, 120 F.3d 933, 936 (9th Cir.1997) ("The continued detention of these material witnesses, whose testimony could be adequately preserved by videotaped deposition and whose families are suffering extreme hardship as a result of petitioners' continued detention, is an exceptional circumstance"). The simple fact remains that trial (at least as currently scheduled) is almost two months away. And, in deciding the government's motion I am constrained to consider not only the provisions of Rule 15, but the provisions of 18 U.S.C. § 3144 as well. That statute reads as follows:

5

> If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title. <u>No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure</u>.

18 U.S.C. § 3144 (emphasis added).

Thus, the further questions that need to be addressed are (1) whether the testimony of these three witnesses can adequately be secured by deposition, and (2) whether further detention is not necessary to prevent a failure of justice.

Quite understandably, the defendant would <u>prefer</u> that these witnesses be present at trial. Given the court's observations set forth above, it goes without saying that I am sympathetic to that view. However, the defendant has not shown either that the witnesses' testimony cannot be <u>adequately</u> secured by deposition or that detention of such witnesses until trial is necessary <u>to prevent a failure of justice</u>. Now that the defendant is out on bond, he should be in a much better position to review the discovery materials and assist his counsel in preparing for cross examination. Furthermore, that the government is going to provide Li with the grand jury transcripts of the witnesses (assuming they testified before the grand jury) satisfies 18 U.S.C. § 3500. Moreover, Magistrate Judge Sickel's order at Li's arraignment that the government provide him with the appropriate grand jury materials no later than one business day before the commencement of trial indicates that Li will have the same amount of time to review these materials as he would have otherwise had.

In sum, and for all of the foregoing reasons, I am satisfied that there are exceptional circumstances present in this case and that the interests of justice will be served by granting the government's motion. Thus, the government's motion will be granted.

**NOW THEREFORE IT IS ORDERED** that the government's motion for an order authorizing the videotaped depositions of Francisco Torres-Hernandez, Gen Fen Wang, and Xiao Xi Zhang to be preserved as possible future trial evidence be and hereby is **GRANTED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), Federal Rules of Criminal Procedure 59(a), and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of the date of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance with the rules cited herein waives your right to review.

**SO ORDERED** this 4th day of September, 2008, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge